**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2009-23 |
| v. | ) | |
| | ) | |
| NATHANIEL RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

ATTORNEYS:

**Delia L. Smith, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
    *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Nathaniel Richardson ("Richardson") to revoke a pretrial detention order entered by the United States Magistrate Judge on May 15, 2009.

### I. FACTS

On May 7, 2009, the government filed a complaint, which charged Richardson with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), and

841(b)(1)(B)(ii).  The same day, Richardson appeared before Judge Hollar, of the Superior Court, sitting by designation, to be advised of his rights.  The government moved to detain Richardson pending trial, pursuant to title 18, section 3142, United States Code ("Section 3142").

**A. The Detention Hearing**

The Magistrate Judge conducted a preliminary and detention hearing on May 13, 2009.  Richardson was present and represented by counsel at the hearing.

David C. Parkhurst ("Parkhurst"), Special Agent of the United States Drug Enforcement Administration ("DEA"), testified that on March 11, 2009, undercover Naval Criminal Investigative Service agents went to a restaurant on St. Thomas, Virgin Islands, to attempt to buy cocaine.  Someone advised the agents that Richardson could supply them with cocaine.  The agents proceeded to negotiate the purchase of cocaine from Richardson.  Richardson left the restaurant.  When Richardson returned, he provided the agents with baggies containing cocaine in exchange for $200.

On May 6, 2009, Parkhurst and other DEA agents went to the same area of St. Thomas to arrest Richardson.  They stopped his vehicle, ordered Richardson and another person out of the vehicle, and searched it.  The search uncovered 105 baggies of

cocaine, and nine rounds of ammunition that fit a semi-automatic weapon. Richardson admitted to owning a gun "for his safety."

Richardson presented testimony from his mother, Marcella Richardson ("Mrs. Richardson"). Mrs. Richardson testified that she was willing to be a third party custodian for Richardson. Mrs. Richardson said she could not remember her son violating conditions of a previous supervised release, during which she also served as a third party custodian for him.

The government also called Officer Fitzroy Petty ("Petty"), of the U.S. Probation Office. Petty indicated that following a 2006 conviction and incarceration, Richardson was released subject to electronic monitoring. Petty stated that Richardson violated the conditions of his release, and that the probation officer assigned to the case contacted his third party custodian, Mrs. Richardson, to discuss the violations.

At the conclusion of the hearing, the Magistrate Judge found that there was probable cause. Thereafter, he issued an order of detention on May 15, 2009. Richardson appeals that order.

## II. DISCUSSION

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987)(finding the

Bail Reform Act, 18 U.S.C. § 3145(b), et seq., falls within that limited exception). Based on the idea that detention prior to trial is an exception, the Bail Reform Act, title 18, section 3145(b) of the United States Code ("Section 3145(b)") provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter. 18 U.S.C. § 3145(b).

**A. Standard of review**

"When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *cf. United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985) (holding that section 3145(b), contemplates *de novo* review by the district court of a magistrate's order for bail pending trial). Under this standard, "a district court should not simply defer to the judgment of the magistrate . . . ." *United States v. Leon,* 766 F.2d 77, 80 (2nd Cir. 1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail").

In conducting a *de novo* review of a magistrate judge's

pretrial detention order, the court may rely on the evidence presented before the magistrate judge. *See United States v. Koenig,* 912 F.2d 1190, 1193 (9th Cir. 1990) ("[T]he district court is not required to start over in every case . . . ."); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge). Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. *See Koenig,* 912 F.2d at 1193.

**B. Standard for pretrial detention**

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon a motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The determination of whether any conditions of release can reasonably assure the defendant's appearance in court and the safety of the community is based on the following four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime

>. . . [that] involves a minor victim or a
>controlled substance, firearm, explosive, or
>destructive device;
>(2) the weight of the evidence against the person;
>(3) the history and characteristics of the person,
>including--
>   (A) the person's character, physical and mental
>condition, family ties, employment, financial
>resources, length of residence in the community,
>community ties, past conduct, history relating to
>drug or alcohol abuse, criminal history, and
>record concerning appearance at court proceedings;
>and
>   (B) whether, at the time of the current offense
>or arrest, the person was on probation, on parole,
>or on other release pending trial, sentencing,
>appeal, or completion of sentence for an offense
>under Federal, State, or local law; and
>(4) the nature and seriousness of the danger to
>any person or the community that would be posed by
>the person's release.

18 U.S.C. § 3142(g); *see also, United States v. Traitz,* 807 F.2d 322, 324 (3d Cir. 1986); *United States v. Coleman*, 777 F.2d 888, 892 (3d Cir. 1985). To justify pretrial detention, the government must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence. *See United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986); 18 U.S.C. § 3142(f); *Traitz,* 807 F.2d at 324.

A finding by the judicial officer that there is probable cause to believe the defendant committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)"

raises the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e) ("Section 3142(e)"). Here, Richardson is charged with a violation of 21 U.S.C. § 841(a). That charge carries a maximum sentence of 20 years. 21 U.S.C. § 841(b)(1)(C).

A finding of either risk of flight or danger to the community is a sufficient source of authority to detain the defendant. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

### III. ANALYSIS

At the time of his detention hearing, Richardson had only been charged in a complaint.[1] As such, in order to detain Richardson, the government was required to demonstrate that there was probable cause to believe that Richardson committed a violation of the Controlled Substances Act that carried a maximum term of imprisonment of 10 years or more.

At the preliminary and detention hearing, Agent Parkhurst's testimony related one instance of Richardson selling cocaine to

---

[1] On June 4, 2009 a grand jury returned a two count indictment against Richardson charging him with possessing with intent to distribute 5 grams and more of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)(iii), and 860(a).

undercover law enforcement personnel. Agent Parkhurst also testified that when Richardson was apprehended, officers recovered cocaine packaged for sale from his vehicle. Agent Parkhurst testified that the amounts of cocaine obtained from Richardson in these two incidents were 26.3 grams and 71.7 grams. The Court finds that the evidence in the record supports a conclusion that the government had established probable cause that Richardson had possessed with intent to distribute cocaine, as charged.

Given that finding, it is ". . . presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ." 18 U.S.C. § 3142(e). To rebut that presumption, Richardson was required to demonstrate that there were conditions that would assure his appearance and the safety of the community. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). Specifically, he was required to produce "some credible evidence" to assure his presence before the court and the safety of the community. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).

Richardson produced only the testimony of Mrs. Richardson. Mrs. Richardson's willingness to serve as a third party custodian

provides support for Richardson's claim that he is not a flight risk. However, with respect to the safety of the community, Richardson has offered neither testimony nor evidence. That failure is fatal to his claim. *See Suppa*, 799 F.2d at 120 (affirming the order of the district court detaining defendant during trial because "Suppa failed to rebut the presumption of dangerousness to the community").

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Richardson's motion for revocation of the Magistrate Judge's order of pretrial detention. An appropriate order accompanies this memorandum opinion.

S\_____
**CURTIS V. GÓMEZ
Chief Judge**